AO 472 (Rev. 3/86) Order of Detention Pending Trial
===============================================================================

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Mag. No. 07-12-P-DMC** |
| ) | |
| **BRIAN J. EKBORG,** ) | |
|         **Defendant** ) | |

## AMENDED ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]    (1)    The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

      [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
      [ ] an offense for which the maximum sentence is life imprisonment or death.
      [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
      [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]    (3)    A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]    (4)    Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[ ]   (1)   There is probable cause to believe that the defendant has committed an offense
        [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
        [ ]   under 18 U.S.C. Section 924(c).

[ ]   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X]   (1)   There is a serious risk that the defendant will not appear.
[X]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

The defendant is charged in a two-count criminal complaint with mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. The government seeks to have the defendant detained both as a risk of flight and a danger to the community.

The defendant, now 46 years old, was born in Gloucester, Massachusetts. His father, with whom he says he speaks weekly, resides in Florida. His mother is deceased. The defendant has three siblings, a brother whom he has not talked with in nine years, and two sisters, one of whom (Sandy Lakeman) he has not talked with in three years and the other of whom (Cheryl Bragg) he failed to disclose altogether to pretrial services and who has informed the interviewing pretrial services officer that she is afraid of the defendant. Ms. Bragg's son Peter Bragg, the defendant's nephew, indicated to pretrial services that the defendant has had falling-outs with many family members.

The defendant and his wife Susan are in the process of a divorce which is expected to become final on March 28, 2007. The defendant has one child, Patrick Ekborg, age 17.

Although the defendant was less than candid and forthcoming during his pretrial services interview in explaining his current living arrangements, it appears that he has most recently been living during the work week sporadically at a home owned by his wife in Hamilton, Massachusetts and most of the time at the offices of a Massachusetts mortgage broker and on weekends principally with Mary Beth Harris at her home in Alfred, Maine. The defendant has been seeing Ms. Harris since May of 2006 when they first met. He also visits with his friends Kevin and Lisa McGlinn, former neighbors in Alfred, at their home in Alfred.

The defendant reported that he has been working full-time as a mortgage broker for Mortgage Options of America in Andover, Massachusetts. A representative of that company, however, told pretrial services that the defendant last reported for work five or more weeks ago when he called to indicate that his son was sick and he needed to stay home to take care of him and that he has not been heard from since. When confronted with this feedback, the defendant stated

that he started another job three weeks ago with Capital Access Mortgages in Salisbury, Massachusetts and that he is also working construction "under the table." Capital Access confirms that the defendant has been training with them on how it underwrites loans and that it has been expecting him to sign an independent-contractor agreement to work with it after his employment contract with Mortgage Options of America expires.

The defendant admits that he drank excessively for fifteen years, but claims that he stopped doing so two years ago.

The pending mail and wire fraud charges are based on allegations that between January 2004 and May 2005 the defendant obtained credit cards and a contract with the Maine Lottery Commission using the identity of two victims without their authority. The evidence against him is strong. *See* Criminal Complaint and Affidavit (Docket No. 1).

The defendant has a criminal history that includes charges for operating under the influence, assault, violating conditions of release and negotiating a worthless instrument and convictions for attempts to commit the crimes of insurance fraud and larceny of property and for making a false statement and refusing to submit to arrest or detention.

Although I find that the defendant does pose a risk of flight, I conclude that there are available conditions of release that will reasonably assure his appearance as required. Ms. Harris testified that she is willing to have the defendant reside with her on a full-time basis at her home in Alfred and that she is willing to assume the responsibilities of a third-party custodian. I find Ms. Harris to be an appropriate candidate for third-party custodian and her home a suitable residence for the defendant. These conditions, coupled with others involving restrictions on travel and the like could address risk of flight.

However, I also find, by clear and convincing evidence, that the defendant poses a danger to the community if released and that there are no available conditions of release that will reasonably assure community safety. According to Cynthia Brock, a rent-paying tenant the defendant secured for the Hamilton, Massachusetts residence previously referred to, the defendant continues to drink to the point of intoxication, he has twice attempted to break into her room while intoxicated, he is a liar who cheats people out of their money, although he assured her that he was paying the mortgage on the Hamilton property he was not and he has left her and her son in that residence without heat. Just two days ago, Ms. Brock left a message with pretrial services that a car-rental agency was looking for the defendant to repossess a vehicle he had been leasing from them and that he apparently gave that agency an incorrect address. The defendant's soon-to-be-ex-wife has reported to pretrial services that although the defendant was supposed to move into the Hamilton home in order to renovate it and ensure that it would not be foreclosed upon, he has failed to make the required mortgage payments (despite receiving rent paid by Ms. Brock) and that the residence is currently under foreclosure. She also reported that she has learned from the defendant's sister Cynthia Brock that he has arranged to have Ms. Ekborg's and Ms. Ekborg's brother's mail forwarded to him (defendant) and that he has been opening their mail. Ms. Ekborg also reported to pretrial services that she has spoken with a Virginia Cookson who told her that she has paid $3,000 to the defendant for the sale of land in South Hamilton, Massachusetts which Ms. Ekborg says is hers and in which the defendant has no interest. The pretrial services officer

3

confirmed in a direct conversation with Ms. Cookson that the defendant has done construction work at her home and that she was in the process of purchasing a piece of land from him. Viewed in the context of the pending fraud charges and the defendant's criminal history, from all that appears the defendant is currently living a life of lies and deception that involves on-going fraudulent conduct victimizing innocent people. Neither the conditions of release proposed by the defendant's counsel nor any other available conditions are likely to prevent the continuation of this behavior.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 26, 2007

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge